UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Perla Ostio Samano,**<br><br>　　　　　　**Plaintiff,**<br>　v.<br><br>**ME Restaurant of Brookhaven, LLC,**<br><br>　　　　　　**Defendant.** | **Case No.**<br>_____ |

## COMPLAINT

Plaintiff Perla Ostio Samano files this Complaint against ME Restaurant of Brookhaven, LLC, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., to recover unpaid wages, liquidated damages, costs, litigation expenses, and attorneys' fees. Plaintiff alleges as follows:

### PARTIES

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. ME Restaurant of Brookhaven, LLC, ("ME Restaurant" or "Defendant") is a Georgia limited liability corporation with its principal place of business at 705 Town Boulevard, Q310, Atlanta, GA, 30319, in this judicial district and division.

1

3. At all times throughout the relevant period, ME Restaurant operated and transacted business during the relevant period as the Red Pepper Taqueria Brookhaven ("the Restaurant") located at 705 Town Boulevard, Q310, Atlanta, GA, 30319.

4. ME Restaurant's registered agent for service of process is Amgd K. Ibraheem, CPA, Inc., 3845 Holcomb Bridge Rd., Suite 100, Norcross, GA, 30092.

5. At all times throughout the relevant period, ME Restaurant operated the Restaurant.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. ME Restaurant transacted business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

8. Defendant employed Plaintiff as a kitchen worker at the Restaurant from early 2018 through March 2019 ("the relevant period").

9. At all times throughout the relevant period, Defendant ME Restaurant owned and operated the Restaurant.

10. At all times throughout the relevant period, Plaintiff was a non-exempt hourly worker at the Restaurant.

11. Plaintiff regularly worked over forty hours per work week.

12. Defendant ME Restaurant maintained records of the hours that Plaintiff worked at the Restaurant.

13. At all times throughout the relevant period, Plaintiff was an "employee" of ME Restaurant, and Plaintiff was covered under the FLSA, 29 U.S.C. §§ 201 et seq.

14. At all times throughout the relevant period, ME Restaurant was the "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. §§ 201 et seq. and was engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all times throughout the relevant period, ME Restaurant had multiple employees at the Restaurant, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

16. At all times throughout the relevant period, the Restaurant had annual gross volume of sales made or business done of not less than $500,000.

17. At all times throughout the relevant period, Defendant ME Restaurant operated an enterprise comprised of the Restaurant, Red Pepper Taqueria Buckhead, and Red Pepper Taqueria Decatur.

18. Defendant ME Restaurant exercised common control over all three restaurant locations as the chef/owner for a common business purpose.

19. All three restaurant locations have the same menu and use the same web page and social media accounts.

20. This enterprise had multiple employees, including the Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

21. This Enterprise had annual gross volume of sales made or business done of not less than $500,000. In addition, the Restaurant by itself had annual gross volume of sales made or business done of not less than $500,000.

22. Defendant ME Restaurant, acting through its agents, made the decision withhold overtime pay from Plaintiff in violation of the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS (OVERTIME)

23. Plaintiff repeats and realleges each paragraph above as though set forth herein.

24. At all relevant times, Defendant had a uniform policy and practice of willfully refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty hours per workweek.

25. Defendant refused to pay Plaintiff at a rate that was at least one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek. Defendant paid Plaintiff for some of her overtime hours, but Defendants did not pay Plaintiff for all her overtime hours.

26. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Due to Defendant's FLSA overtime violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS
## RETALIATION

28. Plaintiff repeats and realleges each paragraph above as though set forth herein.

29. A supervisor at ME Restaurant became aware of an FLSA case filed against ME Restaurant by one of Plaintiff's coworkers at the Restaurant ("the prior FLSA action").

30. The supervisor asked Restaurant employees who had given the employee information about her rights under the FLSA, and Plaintiff was identified as that person.

31. Plaintiff also was a potential witness in the prior FLSA action.

32. After Plaintiff was identified and became a potential witness in the prior FLSA action, ME Restaurant fired Plaintiff in retaliation for Plaintiff's engaging in activity protected by the FLSA.

33. Due to Defendant's FLSA retaliatory firing, Plaintiff was damaged and is entitled to recover from Defendant compensation for lost wages and an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of compensation for unpaid overtime to Plaintiff;

B. An award of compensation for failure to pay Plaintiff the minimum wage;

C. An award of liquidated damages for failure to pay minimum wage and failure to pay overtime compensation;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

E. Such other and further relief as this Court deems just and proper.

Dated: February 4, 2021.

**HALL & LAMPROS, LLP**

By:  /s/ Patrick Hannon
Patrick Hannon
Ga. Bar # 074321

400 Galleria Parkway SE
Suite 1150
Atlanta, GA 30309
404/876-8100
Fax: 404/876-3477
patrick@hallandlampros.com
*Attorneys for Plaintiff*