UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PERLA OSTIO SAMANO,

PLAINTIFF,

V.

ME RESTAURANT OF
BROOKHAVEN, LLC,

DEFENDANT.

CASE NO. 1:21-cv-00542-MHC

**JOINT MOTION FOR APPROVAL OF**

**FLSA RELEASE AND SETTLEMENT AGREEMENT**

PERLA OSTIO SAMANO ("PERLA") plaintiff above named in the above-styled action and ME RESTAURANT OF BROOKHAVEN, LLC ("MERB"), defendant above named in the above-styled action, file this Joint Motion for Approval of Settlement Agreement as to FLSA Claims, and request that the Court approve the Parties' Settlement Agreement attached hereto as "**Exhibit A.**" The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.    Factual Background

Perla worked for MERB between early 2018 to and through March 2019. Perla filed here Complaint initiating this lawsuit on February 4, 2021 asserting two

1

claims: (1) a claim that MERB violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* by failing to pay her at an overtime premium rate for some but not all hours that she worked in excess of 40 in a number of workweeks during her employment with MERB; and (2) a claim for retaliation under the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), based on MERBs termination of Perla's employment for Perla acting as a potential witness against MERB in a prior FLSA action against MERB (the "Lawsuit") (Doc. 1).  As relevant to the FLSA claims, Perla generally alleged that she was employed by MERB and was a covered employee under the FLSA during the course of her employment. Perla also alleged that she worked more than 40 hours per workweek but was not paid at the proper overtime rate required by the FLSA and that MERB fired Perla in retaliation of her acting as a potential witness in other FLSA litigation against MERB. [*See id.]* MERB denies Perla's allegations.

Shortly after MERB filed its Partial Motion to Dismiss Plaintiff's Complaint (Doc. 6) and prior to Perla having to respond to the same, MERB and Perla agreed that attempting to resolve this case by agreement would be more efficient than litigating it. Settlement negotiations ensued, and, through their counsel, the Parties reached agreement to settle the Lawsuit as reflected in the Agreement attached as Exhibit A.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings.  Both before and during the litigation, the Parties conducted a thorough investigation into the merits of their respective claims and defenses. Informed by their knowledge of the underlying facts and the applicable law, the Parties, through their counsel, have negotiated a settlement of Perla's FLSA claims that involves a payment of $2,750.00 toward unpaid overtime and $2,750.00 in liquidated damages. The settlement also includes an additional payment of Perla's attorney's fees in the amount of $3,200.00 and cost in the amount of $700.

The terms and conditions of the settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. The Parties jointly advise that their settlement, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

## II.    Argument and Citation of Authorities.

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the

4

settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood,* Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. Mar. 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.,* Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King,* 2007 WL 737575, at *3 (quoting *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

In addition to approval of the settlement amount, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

### III.    Summary of the Settlement Terms

**Backpay, Liquidated Damages and Compensatory Damages**: The total payment to Perla in relation to her FLSA claims is $5,500.00, consisting of $2,750.00 of backpay and $2,750.00 of liquidated damages.

**Attorney's Fees and Litigation Costs**: After the Parties reached an agreement on the total amount of the settlement, the Parties also engaged in separate negotiations to allocate a portion to Perla's claims for attorney's fees and costs, which were settled in the total amount of $3,900.00 ($3,200 for attorney's fees and $700 for costs). MERB does not oppose the fees and costs being paid to Perla's counsel.

### IV.    The Settlement Is Fair, Just, and Reasonable.

In this case, the proposed settlement is fair, just, and reasonable. At all times during this litigation, Perla and MERB have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. The Parties therefore respectfully submit that the Settlement Agreement is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food,* and that all of the relevant criteria support approval of the ultimate settlement in this matter.

Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Perla or MERB in this case, and the settlement was ultimately agreed upon after the Parties' thorough investigation into the merits of their respective claims and defenses. Courts have found no fraud or collusion where the parties were represented by counsel, and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006). Here, each Party was represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amounts to be paid to Perla, as well as the separate amounts to be paid to Perla's counsel, the Parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. *See King,* 2007 WL 737575, at *3 (citation omitted).

The fee to be paid to Perla's counsel is also reasonable in light of the work required to this stage of the proceedings. The total lodestar to date claimed by Perla's

Counsel for the work performed on all claims in the Lawsuit is in excess of $3,200. This reflects the time actually spent in the exercise of reasonable judgment by the lawyers and staff involved and is reflected in Perla's counsels' detailed time records. The work undertaken represents the work addressed above in connection with the pre-suit administrative proceedings, pre-suit investigation and communications with MERB and their counsel, investigation and filing of the Lawsuit, the early stages of litigation, advising Perla, and negotiating and effectuating this settlement. Thus, the fee requested is more than fair given the actual time invested.

### V.    Conclusion

Based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order approving the settlement, allowing the Parties to file a joint stipulation of dismissal with prejudice as to Perla's FLSA claims within three weeks after entry of an Order approving the FLSA settlement and retaining jurisdiction over this case to enforce the Parties' Settlement Agreement.

A proposed order is attached hereto as **Exhibit B.**

Dated this Monday, July 12, 2021.

Respectfully submitted,

By:    */s/ Jonathan H. Fain*
Jonathan H. Fain, Esq.
Georgia Bar No. 254114
law@peblawpc.com
PEBLAW, PC
66 Lenox Pointe, NE
Atlanta, GA 30324
Telephone: (404) 484-0270
Facsimile: (866) 615-0525

*Attorney for Defendant*
*ME Restaurant of Brookhaven, LLC*


By: /s/ Patrick Hannon
Patrick Hannon
Ga. Bar # 074321
HALL & LAMPROS, LLP
400 Galleria Parkway SE
Suite 1150
Atlanta, GA 30309
404/876-8100
Fax: 404/876-3477
patrick@hallandlampros.com
*Attorneys for Plaintiff*

9

## **CERTIFICATION OF FONT SIZE**

Pursuant to Local Rule 5.1(B) of the Local Rules of the United States District Court for the Northern District of Georgia, Jonathan H. Fain, attorney for Defendant ME Restaurant of Brookhaven, LLC certifies by his signature above that the Joint Motion for Approval of FLSA Release and Settlement Agreement is typewritten using Time New Roman font, fourteen (14) point type.

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Joint

Motion for Approval of FLSA Release and Settlement Agreement by filing the same

using the Court's ECF system, which will automatically which will generate service

of process on all counsel of record.


This Monday, July 12, 2021.


*By:    /s/ Jonathan H. Fain*
Jonathan H. Fain, Esq.
Georgia Bar No. 254114
law@peblawpc.com
PEBLAW, PC
66 Lenox Pointe, NE
Atlanta, GA 30324
Telephone: (404) 484-0270
Facsimile: (866) 615-0525

*Attorney for Defendant*
*ME Restaurant of Brookhaven, LLC*
