# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement, ("Agreement") is entered into between **Perla Ostio Samano,** an individual ("**Samano**"), and **ME Restaurant of Brookhaven, LLC** (the "Restaurant"), including parent companies, subsidiaries, affiliates, investors, partners, agents, directors, officers, and representatives (including all employees and contractors).

WHEREAS, Samano has filed a lawsuit filed in the United States District Court for the Northern District of Georgia (Civil Action 1:21-cv-00542-MHC (the "Litigation") for allegedly unpaid wages;

WHEREAS, Employee knows of no additional time she worked while employed by the Company, other than the time for which she is being compensated via this Agreement;

WHEREAS, Employee acknowledges that the consideration provided her under this Agreement is sufficient to support the releases provided by her herein;

NOW, THEREFORE, in consideration of the covenants, terms and conditions set forth herein, the Parties hereby agree as follows:

**Section 1**.    **Settlement of Disputed Claims; Dismissal of Litigation**.  Samano and Company wish to settle fully and finally all differences and disputes between them, in any way related to or arising out of Samano's allegations concerning wage and hour matters.  The consideration furnished by the Company is expressly conditioned upon Samano's agreement to cease pursuing any legal action against the Company, agreement to not pursue any legal action that is in any way related to or arising out of Samano's allegations concerning wage and hour matters, and is in full satisfaction of any amounts claimed by Samano to be owed whatsoever.  Furthermore, the consideration furnished by the Company is expressly conditioned upon Samano's termination with prejudice of the Litigation and the Court's Order on dismissal.

**Section 2**.    **Non-Admission of Liability**.  The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement will be deemed or construed at anytime for any purpose as an admission of any liability or unlawful conduct of any kind.

**Section 3**.    **Consideration**.   In exchange for Samano's execution of this Agreement, release of claims, and termination of the Litigation, Company will pay to Samano $5,500.00 and $3,900 in attorney's fees and costs. These funds shall be made payable in four checks as follows:

    **a.**    $3,200.00 will be made in payable to Hall & Lampros, LLP, and reported to the Internal Revenue Service ("IRS") on an IRS Form 1099-MISC for Hall & Lampros for payment of claims of attorneys' fees;

    **b.**    $700.00 in a separate check made will be payable to Hall & Lampros, LLP for Hall & Lampros's costs incurred in this litigation;

1

    **c.**    $2,750.00 less all applicable and required deductions, will be made in a check payable to Perla Ostio Samano, representing settlement of wage claims reported to the IRS on an IRS Form W-2 to Samano;

    **d.**    $2,750.00 will be made in a check made payable to Perla Ostio Samano representing settlement of claims for any liquidated damages attendant to her wage claims, and reported to the IRS on an IRS Form 1099-MISC. Samano understands, acknowledges and agrees that Samano will be solely and exclusively responsible for all taxes associated with this payment.

All four checks shall be mailed to Hall & Lampros, LLP within seven (7) business days of notice from the Court that this Agreement has been approved. If this Court denies the joint motion to approve this settlement, this agreement is of no legal effect.

**Section 4.**   **No Consideration Absent Execution of this Agreement**. Samano understands and agrees that Samano would not receive the monies and/or benefits specified in this Agreement, except for Samano's execution of this Agreement and the fulfillment of the promises contained herein.

**Section 5**.   **Consultation with an Attorney**.  Samano agrees that Samano has, in fact, consulted, with counsel concerning this Agreement and its terms and Samano's rights and obligations under the Agreement. Samano agrees that Samano has carefully read this Agreement and understands its contents, and that Samano signs this Agreement voluntarily, with a full understanding of its significance, and intending to be bound by its terms.

**Section 6**.   **Release**.  As a material inducement to the Company to enter into this Agreement, Samano, on behalf of Samano and Samano's heirs, successors, and assigns, irrevocably and unconditionally releases, acquits, and forever discharges the Company and its parent companies, subsidiaries, affiliates, investors, members, managers, officers, representatives (including all employees and contractors), attorneys, personal representatives, partners, agents, successors and assigns, and all persons acting by, through, under or in concert with any of them (collectively, "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses, or any contracts, express or implied, whatsoever of every nature and name, whether known or unknown, pertaining to the payment of wages or overtime wages which were or could have been brought in this action under the Fair Labor Standards Act ("FLSA"), or similar Georgia state statutes.  Based on this Agreement, Plaintiff expressly releases any claims she has or may have under the FLSA or any federal, state, or other governmental statute, regulation or ordinance relating to Samano's wages, including, without limitation the FLSA and any other federal, state, or local wage law, which Samano now has, owns or holds, or which Samano at any time heretofore had, owned or held, or claimed to have, owned or held, against each or any of the Releasees at any time.

It is expressly agreed and understood that the release contained herein is a LIMITED RELEASE. This Agreement does not seek to release claims that Samano cannot, as a matter of law, waive, or release, but is intended to and will be otherwise complete and absolute. Nothing in this Agreement is intended to waive Samano's entitlement to vested benefits under any retirement, stock incentive, or other benefit plan provided by the Company.  The

above-release does not waive claims that Samano could make, if available, for unemployment or worker's compensation, and does not foreclose Samano from filing administrative claims with any government agency.

**Section 7**. **Tender**. Samano and the Company further agree not to institute a suit or claim concerning any matter released or waived herein.

**Section 8.** **Affirmations.** Samano represents and affirms that: (a) other than the Litigation, Samano has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against the Company in any forum or form.

**Section 9**. **Released Claims**. The parties acknowledge that this Agreement does not limit any parties' right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Samano agrees that if any such claim is made, Samano will not be entitled to recover any individual monetary relief or other individual remedies.

**Section 10.** **Representations**. Samano represents and acknowledges that in executing this Agreement, Samano does not rely, and has not relied, upon any representation or statement (oral, written, implied, or expressed) not set forth herein made by any of the Releasees or by any of the Releasees' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**Section 11.** **Severability**. The parties agree that should any of the provisions of the Agreement, excluding the release language herein be determined invalid by a court of competent jurisdiction, such a determination will not affect the enforceability of the remaining provisions of the Agreement and such provisions will remain in full force and effect.

**Section 12**. **Sole and Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and supersedes any and all prior agreements or understandings between the parties, including any and all oral or implied promises and/or contracts pertaining to the subject matter hereof.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, SAMANO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS DISCUSSED IN SECTION 6.**

**IN WITNESS WHEREOF**, each of the undersigned has executed this Agreement as of the date written below.

**ME Restaurant Group of Brookhaven, LLC**

By:_____    _____

                                                                           **Perla Ostio Samano**

_____    _____

Date                                                                               Date